**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

JESSIE COLVIN                                                                                          PLAINTIFF

VS.                                                             CIVIL ACTION NO.: 1:09CV187-M-D

LOWNDES COUNTY, MISSISSIPPI, ET AL.                                         DEFENDANTS

**ORDER**

  This cause comes before the court on the motion of defendant Lowndes County, Mississippi for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Jessie Colvin has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion should be granted in part and denied in part.

  This is, *inter alia,* a Title VII case in which plaintiff argues that she was terminated from her position as director of the Lowndes County Emergency 911 department ("E911") based on her sex and/or race. Plaintiff became director of Lowndes County E911 in February 2000, and during her tenure as director, she took one year away from work for military service beginning in February 2003 and returning in February 2004. At some point beginning in 2002, issues arose with lapses in the certification of certain E911 personnel under plaintiff's supervision, and the E911 Board of Commissioners began questioning Colvin regarding these problems beginning in late 2006. The parties disagree regarding exactly what inquiries were made during this period, but defendant asserts that it did not believe that plaintiff was forthcoming in her responses to the board's questioning during this period. At an April 16, 2007 meeting, the E911 board voted to dismiss Colvin's employment by a 4-3 majority vote. On August 31, 2007, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and she subsequently filed this lawsuit in this

court. Defendant has presently moved for summary judgment, arguing that no genuine issue of fact exists regarding its potential liability in this case and that it is entitled to judgment as a matter of law.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's race, color, religion, sex...." 42 U.S.C. § 2000e-2(a)(1). In order for plaintiff to survive summary judgment in a case based on circumstantial evidence,[1] she must first establish a *prima facie* case that her termination was based on her protected status. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie* case, plaintiff must establish each of the following elements:

1. That she belongs to a protected class;
2. That she was qualified for the position he sought;
3. That she suffered an adverse employment decision; and
4. That the position was filled by someone outside the protected class.

*DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir.2007)( citing *Manning v. Chevron Chem Co.*, LLC, 332 f.3d 874, 881 (5th Cir.2003)); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Assuming that a *prima facie* case is established, the burden then shifts to the defendant to articulate "a legitimate, nondiscriminatory reason" for its employment action. *DeCorte*, 497 F.3d at 437. Once this is done, the burden then shifts back to plaintiff to prove either 1) that the employer's explanation is false/unworthy of credence or 2) defendant's reason, while true, is only one

---

[1] As discussed below, it is arguable that plaintiff has presented direct proof of discrimination in this case, in the form of the deposition testimony of J.D. Brooks. If so, then plaintiff would not be required to meet the *McDonnell Douglas* standard which applies in Title VII cases based on circumstantial evidence. Regardless, it is apparent that plaintiff is able to meet the *McDonnell Douglas* standard, and the court will address it out of an abundance of caution.

of the reasons for its conduct and that the other "motivating factor" is plaintiff's sex or race. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

Plaintiff is a black female, and she notes that, after her firing, she was replaced by a succession of two different white males and that a black female was only hired after she filed an EEOC claim of discrimination. The court therefore agrees that plaintiff is able to make the "minimal showing" required to establish a *prima facie* case of discrimination, *see Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985), and the burden then shifts to defendant to offer a legitimate, non-discriminatory reason for plaintiff's termination. Defendant submits that it terminated plaintiff "based on unsatisfactory job performance and/or refusal to keep the board informed of critical issues concerning mandatory certification of dispatchers." From reviewing the evidence in the record, it *appears* to the court that a jury may well conclude that issues with certification, and plaintiff's response to same, were at the very least a strong motivating factor in her termination. Indeed, it is apparent from the record that the issues with lapses in certification had attracted adverse regulatory and public attention, and it *appears* from the record that the board's concerns with these issues were genuine, as evidenced by special meetings being convened to address them.

At the same time, the court concludes that there are factors militating in favor of a jury being allowed to assess the merits of plaintiff's Title VII claims in this case. The court notes that defendant's decision to terminate plaintiff was a close one, with the board split 4-3 on the issue. In the court's view, defendant's case would be stronger if the decision to terminate plaintiff had been a unanimous one or close to it. Plaintiff notes that all four of the board members who voted to terminate her are white, while two of the three who voted against it are black. While the court does

not view this fact as being particularly compelling, jurors may find that it advances plaintiff's case to some degree.

In addition, a jury may conclude that plaintiff's record, considered as a whole, did not warrant termination. Plaintiff asserts - with corroboration from some board members - that her overall job performance was quite competent, and she also asserts that there were mitigating factors explaining the lapses in certifications. The parties agree that most of the uncertified dispatchers initially allowed their certifications to lapse in 2002 and 2003, and Colvin was out on military leave from February 2003 through February 2004. Based upon this fact, plaintiff has asserted claims under the Uniform Services Employment and Reemployment Rights Act, ("USERRA"), arguing that her termination constituted an improper punishment for being called away for military service. The court finds this assertion to be unsupported by any evidence in the record. Plaintiff's military service occurred three years prior to her termination, and she has produced no evidence indicating that this prior service was a "motivating or substantial factor" in the decision to fire her, as required in USERRA cases. *See Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013-14 (Fed. Cir. 2001). At the same time, a jury may well conclude that the fact that her most serious workplace deficiency occurred partly while she was away on military service should have been viewed by her employer as a mitigating factor counseling against termination. If it so determines, then the jury may decide that this fact supports a conclusion that discrimination was at least a factor in plaintiff's termination.[2]

While the evidence of plaintiff's job performance can be viewed differently, the court would likely not find triable fact issues regarding plaintiff's Title VII claims absent some extrinsic evidence

---

[2]This court's observations regarding the written record should not be misconstrued as an intention to grant a partial or complete directed verdict at trial, where cases very often appear significantly different than they did in the written briefing.

that discrimination may have at least played a role in her termination. It is therefore significant that plaintiff does offer some proof that sex discrimination may have at least been a factor in her termination. Ultimately, this evidence may be viewed by a jury as being less than credible, but it is well established that, at the summary judgment stage, this court is required to view the evidence in the light most favorable to plaintiff, as the non-moving party.

Plaintiff's evidence of discrimination comes in the form of two pieces of deposition testimony, one of which appears rather weak individually, but which, considered together, may be viewed by jurors as significant. The first piece of testimony is plaintiff's assertion that she was told by board member Billy Humphries, prior to his death, that sex discrimination played a role in the board's decision to fire her. Specifically, plaintiff testified in her deposition as follows:

> Plaintiff: Billy Humphries, former E-911 Board of Commissioners, stated that Sheriff Howard, Ken Moore, Bernice Lile and Beverly Broocks stated that that job was better served by a male versus a female, a female could not get the job done. He also stated that they did not think a female - they stated that a female was too emotional to handle that position.
>
> Q: Billy Humphries, who is a former Board member?
>
> Plaintiff: Yes, because he's deceased.

Defendant has objected to this testimony as being inadmissible hearsay, but plaintiff appears to be correct that both Humphries' alleged statement and those of the board members he allegedly quoted constitute non-hearsay admissions by a party opponent.

The court does agree with defendant, however, that the credibility concerns with plaintiff's self-serving testimony would be extreme, if there were no outside corroboration to support it. For obvious reasons, this court is very hesitant to permit plaintiffs to survive summary judgment on the basis of self-serving testimony which can not be verified in any manner by outside sources. It is

5

therefore significant that plaintiff has also submitted the deposition testimony of a board member that he himself recalled, albeit vaguely, concerns being raised by at least one board member regarding whether a female was suited for plaintiff's position.

>Specifically, board member J.D. Brooks testified in his deposition as follows:
>
>Q: Well, isn't it true that some of the Board members thought that they needed a man in the position?
>Brooks: I - I've heard that but I'm not - I'm not ..
>Q: Who did you hear that from?
>Brooks: It was brought up in one of the meetings. I'm not sure who it was.
>Q: You don't recall who it was?
>Brooks: Right.
>Q: But once of the Commissioners brought it up on one of the meetings that they needed a man in that position.
>Brooks: Yeah. That was brought up, yeah.

Brooks' testimony was less than precise, but it nevertheless serves to considerably bolster plaintiff's self-serving deposition testimony regarding the alleged statements of Billie Humphries.[3] Brooks also sharply contested the non-discriminatory reason offered by the County in this case, testifying that he did not believe that plaintiff lied to the Board and that "she was definitely doing her job."

In the court's view, Brooks' testimony is particularly significant in light of the fact that this is a Title VII case, as opposed to one brought under the ADEA or some other discrimination statute. As modified in 1991, Title VII permits plaintiffs to survive summary judgment if they can

---

[3]Defendant has submitted evidence that the statement in question may have been made by board member Bobby Gale, who actually voted against plaintiff's termination. While the jury may well reach a similar conclusion in deciding this case in favor of defendant, it would be improper for this court to venture into such clear fact-finding in the context of a motion for summary judgment. Defendant would have this court not only disregard plaintiff's deposition testimony regarding Humprhies' alleged statement to her as lacking credibility, but also make factual inferences in its favor regarding the identity of the board member expressing concerns regarding a female serving as head of the E911 department. This court is simply not permitted to engage in such extensive credibility assessments and fact-finding in the context of a motion for summary judgment, even though a jury may well find defendant's arguments to be persuasive.

demonstrate, either directly or circumstantially, that "race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003). This "motivating factor" standard is considerably more forgiving than the one which confronts ADEA plaintiffs, who must demonstrate that discrimination was a "but for" cause of any adverse employment action. *See Gross v. FBL Fin. Servs., Inc.*, --- U.S. ----, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009). In the court's view, Brooks' testimony that he specifically recalled concerns being raised at board meetings regarding the suitability of a female for plaintiff's position, considered in light of the previously-mentioned factors, could lead a reasonable jury to conclude that plaintiff's sex was at least a factor in her termination. While it may be true that plaintiff's proof of discrimination is well short of compelling, the court concludes that, in light of the deferential summary judgment standard and the forgiving Title VII burden of proof, a jury should be allowed to consider plaintiff's claims. Defendant's motion for summary judgment will therefore be denied as to plaintiff's Title VII claims.

It is therefore ordered that defendant's motion for summary judgment is granted as to plaintiffs's USERRA claims but is denied as to plaintiff's Title VII claims.

ORDERED, this the 25th day of February, 2011.

    /s/ Michael P. Mills
CHIEF JUDGE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI